**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **HJD CAPITAL ELECTRIC, INC.** | § | |
| **Plaintiff** | § | |
| | § | **Civil Action No. 5:19-cv-01196** |
| **v.** | § | |
| | § | |
| **U.S. DEPARTMENT OF THE AIR FORCE,** | § | |
| **U.S. DEPARTMENT OF THE ARMY, and** | § | |
| **U.S. DEPARTMENT OF DEFENSE** | § | |
| **Defendants** | § | |

_____

**COMPLAINT REGARDING FREEDOM OF INFORMATION ACT [5 U.S.C.A. § 552]**
_____

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552, to compel the U.S. Department of the Air Force, the U.S. Department of the Army, and the U.S. Department of Defense ("Defendants" or "agencies") to release documents requested under FOIA and for which the agencies have not timely asserted that any FOIA exemption applies.

### I.      Jurisdiction and Venue

2.  This court has jurisdiction under 5 U.S.C.A. § 552(a)(4)(B) and 28 U.S.C.A. § 1331. Venue is proper in this district under 28 U.S.C.A. § 1391(e).

### II.      Parties

3.  The Plaintiff, HJD Capital Electric, Inc. ("HJD") is a corporation duly authorized and engaged in business under the laws of the State of Texas.

4.  Defendant, the U.S. Department of the Air Force, is a military department of the federal government of the United States of America within the U.S. Department of Defense and an agency within the meaning of 5 U.S.C.A. §§ 551, 552(f), and is engaged in procurement, to include recordkeeping related to procurement.

5.  Defendant, the U.S. Department of the Army, is a military department of the federal government of the United States of America within the U.S. Department of Defense and an agency within the meaning of 5 U.S.C.A. §§ 551, 552(f), and is engaged in procurement, to include recordkeeping related to procurement.

6.  Defendant, the U.S. Department of Defense, is an agency of the federal government of the United States of America within the meaning of 5 U.S.C.A. §§ 551, 552(f), and is engaged in procurement, to include recordkeeping related to procurement.

### III.      Statement of Facts

7.  HJD is a claimant in an arbitration proceeding which arises from disputes in connection with a construction project commonly known as the Renovate Building 313 project at the Joint Base San Antonio Lackland facility located in San Antonio, Texas, believed to be federal project/contract no. FA3002-08-D-0015, Task Order TG13 (hereinafter called the "Project").[1]

8.  The United States Air Force ("the Air Force") entered into a contract with Barlovento, LLC ("Barlovento") whereby Barlovento agreed to perform the general construction work for the Project.

9.  Barlovento entered into a subcontract with HJD whereby HJD furnished labor and/or materials to complete the electrical systems scope of work for Divisions 26, 27, and 28, including but not limited to temporary power and lighting and equipment hook up and related labor and materials ("Labor and Materials") on the Project for Barlovento in exchange for payment.

10. HJD has not been paid for the Labor and Materials provided to Barlovento in the amount of $489,239.91 for the Project. This is the balance due HJD for its work performed and unpaid on the Project after allowing for all credits and payments.

11. HJD served Barlovento with a Request for Production, requesting its contract with the Air Force, its correspondence with the Air Force and its pay applications to the Air Force. Barlovento served objections to all of the Requests for Production and has wholly refused to produce any of these documents.

12. HJD made four (4) FOIA requests to Defendants seeking the same documents, as the Arbitrator does not have authority to issue a subpoena to Defendants to produce their records or appear for a deposition. Defendants did not produce responsive documents and have caused unreasonable delay.

13. FOIA requires agencies of the federal government to release requested information to the public unless a specified statutory exemption applies.

14. An agency must respond to a party making a FOIA request within 20 working days, notifying the party of at least its determination whether to provide the requested information and the reasons for the determination, and of the requester's right to appeal any negative determination by the head of the agency. 5 U.S.C.A. § 552(a)(6)(A)(i); see also 6 C.F.R. § 5.5.

15. An agency may delay its response, but only in unusual circumstances and only following written notification to the requester setting forth the unusual circumstances and providing a date on which a determination is expected to be dispatched. 5 U.S.C.A. § 552(a)(6)(B)(i). The agency may not delay indefinitely.

---

[1] The Verification of Jana Richard is attached to this complaint to verify the factual allegations contained in this complaint.

16. By letter dated January 23, 2018, Plaintiff submitted a FOIA request seeking a copy of documents relating to change directive, modification, change, requested change, or requested modification or other communication between the U.S. Air Force and Barlovento related to removing telecommunications work, Division 27, from the Contractors' scope of work on the Project, and Barlovento's applications for payment, including all attachments and certifications, to the U.S. Air Force for the Project. A copy of that request is attached as Exhibit A and incorporated by reference.[2]

17. By letter dated April 9, 2018, Defendant, the U.S. Department of the Air Force acknowledged Plaintiff's FOIA request and produced 4 attachments, all of which are modifications, but no communications or pay applications were produced, though Defendant recommended full release for the documents associated with the Project contract. A copy of the April 9, 2018 letter from Defendant to Plaintiff is attached as Exhibit B and incorporated by reference.

18. As Plaintiff only received a portion of the requested documents, by letter dated March 11, 2019, Plaintiff submitted its second FOIA request seeking a copy of Barlovento's applications for payment, including all attachments and certifications, to the U.S. Air Force for the Project. A copy of that request is attached as Exhibit C and incorporated by reference.

19. By email correspondence dated March 28, 2019, Cathy Calhoun, DAFC, FOIA/PA Manager stated that additional information dealing with payments would have to be answered by another agency and that Plaintiff would need to contact Defense Finance Accounting Service (DFAS) and Ms. Calhoun provided a 1-800 number. A copy of the March 28, 2019 email from Ms. Calhoun to Plaintiff is attached as Exhibit D and incorporated by reference.

20. As Ms. Calhoun advised Plaintiff should do, counsel for Plaintiff spoke with a DFAS representative and was told that DFAS can only give information directly to the contractee (i.e. Barlovento). Since counsel for Plaintiff represents a subcontractor on the project, DFAS said that he was not able to assist. The representative recommended that counsel for Plaintiff contact Ms. Calhoun again for the payment documentation. Counsel for Plaintiff did so on April 24, 2019 in an email dated April 24, 2019. A copy of the April 24, 2019 email to Ms. Calhoun is attached as Exhibit E and incorporated by reference.

21. On May 7, 2019, Ms. Calhoun responded to Plaintiff's counsel's April 24, 2019 email, stating that "this case was closed on 28 March 2019," and "[a]s stated this office/agency is not the correct contact for any additional information you may be requesting on this case." A copy of the May 7, 2019 email from Ms. Calhoun to Plaintiff is attached as Exhibit F and incorporated by reference.

22. As neither Ms. Calhoun nor DFAS produced the requested documents, by letter dated July 10, 2019, Plaintiff submitted its third FOIA request to three additional agencies (Indianapolis FOIA/PA Program Manager, Wright Patterson AFB FOIA Office and 772nd ESS/PKA), seeking a copy of documents relating to change directive, modification, change, requested change, or requested modification or other communication between the U.S. Air Force and

---

[2] The Affidavit of Jana Richard is attached to this complaint to authenticate the Exhibits attached to this complaint. Ms. Richard's Affidavit is incorporated by reference in this complaint.

Barlovento related to removing telecommunications work, Division 27, from the Contractors' scope of work on the Project, and Barlovento's applications for payment, including all attachments and certifications, to the U.S. Air Force for the Project, and additional communications and RFI's. A copy of that request is attached as Exhibit G and incorporated by reference.

23. On July 11, 2019, Brian Austin, Ssgt, USAF FOIA Monitor of 772 ESS/PKA, sent Plaintiff an email stating that Plaintiff needed to submit its FOIA request to Ms. Calhoun at the Official JBSA San Antonio FOIA Office. A copy of the July 11, 2019 email from Mr. Austin to Plaintiff is attached as Exhibit H and incorporated by reference.

24. On July 22, 2019, Teresa Corbin, Civ, SAF, WPAFB FOIA Analyst, sent an email to Plaintiff stating the records requested were maintained by another organization, so she transferred Plaintiff's request to 502 CS/SCOKF, JBSA - Randolph AFB TX for processing.  A copy of the July 11, 2019 email from Ms. Corbin to Plaintiff is attached as Exhibit I and incorporated by reference.

25. On August 5, 2019, Tabatha D. Matthew, GS-09, DAF, JBSA FOIA/PA Manager, sent Plaintiff an email stating that the items in FOIA Request No. 3 were too broad.  A copy of the August 5, 2019 email from Ms. Matthew to Plaintiff is attached as Exhibit J and incorporated by reference.

26. Counsel for Plaintiff contacted Ms. Matthew on August 8, 2019 and explained the documents requested in an effort to narrow the scope.

27. On August 8, 2019, Ms. Matthew sent counsel for Plaintiff an email apologizing that Defendants "keep sending you to other agencies to assist you," and providing additional contact information for DFAS to whom Ms. Matthew indicated Plaintiff needed to submit its FOIA Request. A copy of the August 8, 2019 email from Ms. Matthew to Plaintiff is attached as Exhibit K and incorporated by reference.

28. The same day, after receiving Ms. Matthew's August 8, 2019 email, Plaintiff submitted its fourth FOIA Request to the address for DFAS provided by Ms. Matthew on August 8, 2019. A copy of that request is attached as Exhibit L and incorporated by reference.

29. Despite Ms. Matthews' August 8, 2019 correspondence and Plaintiff's doing exactly what Ms. Matthew requested that it do, on September 18, 2019, 41 days later, Ms. Matthew sent an email to counsel for Plaintiff and indicated that the FOIA request was placed in the "Complex processing track" which can take "substantial time and cause significant impact on responding units." A copy of the September 18, 2019 email from Ms. Matthew to Plaintiff is attached as Exhibit M and incorporated by reference.

30. Interestingly, on September 25, 2019, Gregory Outlaw, FOIA/PA Program manager for DFAS, responded to Plaintiff's fourth FOIA request, producing copies of the payments to Barlovento.  Counsel for Plaintiff spoke to Mr. Outlaw on October 7, 2019, and Mr. Outlaw confirmed that DFAS only had copies of the payments and no other responsive documents.

Mr. Outlaw further explained that since the contract for the Project was an Air Force contract, the Air Force Contracting Officer would have the communications and Barlovento pay applications in his possession. A copy of the September 25, 2019 letter from DFAS to Plaintiff is attached as Exhibit N and incorporated by reference.

31. Because Defendants failed to comply with the time limit set forth in 5 U.S.C.A. § 552(a)(6)(A) or failed to extend that time limit pursuant to 5 U.S.C.A. § 552(a)(6)(B) and have unreasonably delayed producing the documents requested, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests pursuant to 5 U.S.C.A. § 552(a)(6)(C).

### IV.    Count I - Violation of the Freedom of Information Act (5 U.S.C.A. § 552)

32. Plaintiff realleges paragraphs 1-31.

33. Defendants have violated FOIA by failing to produce any and all nonexempt records responsive to Plaintiff's four FOIA requests within the 20-day period required by 5 U.S.C.A. § 552(a)(6)(A)(i), by failing to demonstrate that any withheld records responsive to the request are exempt from production and by unreasonably delaying producing the documents requested.

34. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of law.

### Prayer

THEREFORE, Plaintiff respectfully requests that the court:

1.  Declare Defendants' failure to comply with FOIA to be unlawful;

2.  Order Defendants to search for and produce any and all nonexempt records responsive to Plaintiff's four FOIA requests and to prepare an index of allegedly exempt records responsive to the requests by a date certain;

3.  Provide for expeditious proceedings in this action;

4.  Enjoin Defendants from continuing to withhold any and all nonexempt records responsive to the requests;

5.  Award Plaintiff attorney's fees and litigation costs reasonably incurred in this action as authorized by 5 U.S.C.A. § 552(a);

6.  Retain jurisdiction over this matter to resolve any disputes over the propriety of claimed exemptions, should any be claimed;

7.  Grant Plaintiff a temporary injunction as further described and requested in its Application

for Temporary Injunction, filed contemporaneously with this Complaint, and

8.   Grant Plaintiff such other relief as the court deems appropriate.

Dated: October 7, 2019

                                      Respectfully submitted,

                                      */s/ Jana Richard*

                                      Jana Richard
                                      State Bar No. 24040752
                                      **GARDNER LAW**
                                      745 E Mulberry Ave, Suite 500
                                      San Antonio, Texas 78212-3149
                                      (210) 733-8191 – Telephone
                                      (210) 733-5538 – Facsimile
                                      jrichard@gardnertx.com

                                      Of counsel:

                                      Thomas J. Walthall, Jr.
                                      State Bar No. 20821600
                                      **GARDNER LAW**
                                      745 E Mulberry Ave, Suite 500
                                      San Antonio, Texas 78212-3149
                                      (210) 733-8191 – Telephone
                                      (210) 733-5538 – Facsimile
                                      twalthall@gardnertx.com

                                      **ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS          §
                       §
COUNTY OF BEXAR         §

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared Jana Richard, the affiant, a person whose identity is known to me.  After I administered an oath, affiant testified as follows:

"My name is Jana Richard.  I have read the Complaint Regarding Freedom of Information Act [5 U.S.C.A. § 552].  The facts stated in it are within my personal knowledge and are true and correct."

*Jana Richard*

Jana Richard

SWORN TO and SUBSCRIBED before me by Jana Richard on October 7, 2019.

Notary Public in and for the State of Texas

SARA M. BOVI
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 06-20-2022
ID# 12986048-0