IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRITZ JOHN HOEFLEIN III, RAUL SOLIS III, AARON AULD, JUAN A. BUSTAMANTE JR., JESUS E. FLORES, RON JONES, DAVID MCDANIEL, MARIO MUNOZ, FERNANDO RICHARD, LARRY STANLEY, TONY G. ALANIZ, SHELDON ANDERSON, MIKE DAFFRON, LUIS GOMEZ, VICTOR M. JUAREZ, EDWARD SAN MIGUEL, WILLIAM R. STOLZ, JUAN J. PENA, AARON ROBERGE, SERGIO ALVAREZ, ANDIE CRUZ, ROEL BARRERA, TRACY WOODSON, HERMAN CRUTCHER, LARRY WILHELM, TOBY B. LEDOUX, JESSE VERA, PEDRO GALLEGOS, BRUCE A. JOHNSON, HANK MOSER, BURTON BIENVENUE, ROBERT D. TAYLOR, RYAN BENN, LARRY D. CHEATWOOD, | § § § § § § § § § § § § § § | SA-19-CV-01194-FB |

*Plaintiffs,*

vs.

CRESCENT DRILLING AND
PRODUCTION, INC., CRESCENT
DRILLING FOREMAN, INC.,

*Defendants.*

## ORDER

Before the Court in the above-styled cause of action is Plaintiffs' Motion to Quash Subpoenas to Laredo Federal Credit Union and Falcon International Bank [#165]. The Court held a hearing on the motion on this day, at which all parties appeared telephonically through counsel. At the close of the hearing, the Court issued certain oral rulings, which are now memorialized with this written Order.

1

By their motion, Plaintiffs ask the Court to quash subpoenas issued to two banks, Laredo Federal Credit Union and Falcon International Bank. The subpoenas seek "any and all banking records from 2016 to the present pertaining to the checking and savings account of Raul Solis, III or Black Bull Oil & Gas Services, LLC, to include but not limited to bank statements, deposit slips, checks deposited, canceled checks, debit and credit memos, deposits, withdrawals, Form 1099s, and wire transfers." The basis for the requested discovery is a discrepancy between Solis's deposition testimony and his tax preparer's testimony on whether his company, Black Bull Oil & Gas Services, LLC ("Black Bull"), earned income in 2018 and 2019. The tax returns produced in anticipation of Solis's deposition indicate the company did earn income, whereas Solis testified under oath that the company did not. Defendants maintain that Solis's income from Black Bull is relevant to the question of whether he was an employee or independent contractor of Defendants as determined by the economic-realities test used in the Fifth Circuit, which considers the degree to which the worker's opportunity for profit or loss is determined by the alleged employer, among other factors. *See Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019).

At the hearing, Plaintiffs represented to the Court that Solis does not intend to dispute the information contained in his tax returns as to Black Bull's income. The Court therefore inquired whether the issue raised in Defendants' motion could be resolved by Solis stipulating that his tax returns accurately reflect any income earned by Black Bull, and Plaintiffs indicated this may be possible but the parties had not discussed this potential solution. Defendants tentatively indicated that a stipulation may resolve this dispute. The Court will therefore order the parties to confer on the possibility of agreeing to a stipulation. If the parties reach an agreement, Solis should file his stipulation with the Court and the Court will dismiss Plaintiffs' motion as moot.

If the parties cannot agree on the stipulation, the Court will rule on the motion without further hearing.

**IT IS THEREFORE ORDERED** that the parties confer on the language of a stipulation to be signed by Solis regarding the income earned by Black Bull for the relevant time period and either file the stipulation with the Court or an advisory informing the Court that they were unable to reach an agreement on or before **April 27, 2021**.

SIGNED this 20th day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE